**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 16-cv-00079-RM-CBS

MASTER OOGWAY, LLC, a Colorado limited liability company,

        Plaintiff,

v.

TOM LIITTSCHWAGER, individually;
GREG LEFEVRE, individually; and
NEW SOUTHWEST DOOR COMPANY, INC., an Arizona corporation.

        Defendants.

## ANSWER

Defendants Tom Liittschwager, Greg LeFevre and New Southwest Door Company by and through their attorneys, Fairfield and Woods, P.C., hereby answer the Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 1 and therefore deny the same.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegation in the first sentence of paragraph 5. Defendants deny the balance of the allegations of this paragraph.

-2-

6. Defendants admit that Tom Liittschwager was President of AT for a certain period of time and is a resident of Arizona. Defendants deny the balance of the allegations of paragraph 6.

7. Defendants admit that Greg LeFevre was Vice President of Sales and Marketing for AT for a certain period of time and is a resident of Arizona. Defendants deny the balance of the allegations of paragraph 6.

8. The allegation of paragraph 8 calls for a legal conclusion for which no answer is required and, therefore, Defendants deny the same.

9. The allegation of paragraph 9 calls for a legal conclusion for which no answer is required and, therefore, Defendants deny the same.

**GENERAL ALLEGATIONS**

MISREPRESENTATIONS, OWNER'S RELIANCE, AND IMPROPER USE OF OWNER'S FUNDS

10. Defendants are without sufficient knowledge to admit or deny the allegation of paragraph 10 and therefore deny the same.

11. Defendants are without sufficient knowledge to admit or deny the allegation of paragraph 11 and therefore deny the same.

12. Defendants state that the document speaks for itself and deny all characterizations thereof.

13. Defendants state that the document speaks for itself and deny all characterizations thereof.

14. Defendants are without sufficient knowledge to admit or deny the allegation of paragraph 14 and therefore deny the same.

15. Defendants admit that AT submitted the proposal attached to the Complaint as Exhibit A, admit that the document speaks for itself, and deny all characterizations thereof.

16. Defendants admit that AT entered into the contract attached to the Complaint as Exhibit B but are without knowledge to admit or deny the remaining allegations of paragraph 16 and therefore deny the same.

17. Defendants state that the document speaks for itself and deny all characterizations thereof.

18. Defendants state that the document speaks for itself and deny all characterizations thereof.

19. Defendants state that the document speaks for itself and deny all characterizations thereof.

20. Defendants state that the contract speaks for itself and deny all characterizations thereof.

21. Defendants admit that the Owner paid AT $79,800.00 for creation of shop drawings, but are without sufficient knowledge to admit or deny the remaining allegation of paragraph 21 and therefore deny the same.

22. Defendants admit that AT required a deposit before beginning work, but are without sufficient knowledge to admit or deny the remaining allegation of paragraph 22 and therefore deny the same.

23. Defendants admit that the Owner paid AT the amounts alleged by two checks, but are without sufficient knowledge to admit or deny the remaining allegation of paragraph 23 and therefore deny the same.

24. Defendants admit the allegation of paragraph 24.

25. Defendants state that the contract speaks for itself and deny all characterizations thereof.

26. Defendants state that the contract speaks for itself and deny all characterizations thereof.

27. Defendants state that the document speaks for itself and deny all characterizations thereof.

28. Defendants state that the document speaks for itself and deny all characterizations thereof.

29. Defendants state that the document speaks for itself and deny all characterizations thereof.

30. Defendants state that the document speaks for itself and deny all characterizations thereof.

31. Defendants deny the allegations of paragraph 31.

32. Defendants state that the document speaks for itself and deny all characterizations thereof.

33. Defendants state that the document speaks for itself and deny all characterizations thereof.

34. Defendants admit that on or about April 8, 2014, AT decided to cease operations and that one of the reasons was that it could not pay its debts. Defendants deny the balance of the allegations of paragraph 34.

35. Defendants admit that AT sent an email on the date alleged, admit that the email speaks for itself, and deny all characterizations thereof.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. The allegation of paragraph 38 calls for a legal conclusion for which no answer is required and, therefore, Defendants deny the same.

39. The allegation of paragraph 39 calls for a legal conclusion for which no answer is required and, therefore, Defendants deny the same.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegation of paragraph 43.

44. Defendants admit that the management of AT used all funds received from customers in the normal course of AT's business, that some of these funds were used to pay general operating expenses, and that funds were not segregated by project. Defendants deny that there was anything wrongful about this and deny the balance of the allegations of this paragraph.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegation of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegation of paragraph 48.

49. Defendants deny the allegation of paragraph 49.

**RECEIVERSHIP AND AT'S FINANCIAL POSITION**

50. Defendants admit the allegations of paragraph 50.

51. Defendants admit that on or about April 8, 2014, AT decided to cease operations and that one of the reasons was that it could not pay its debts. Defendants deny the balance of the allegations of paragraph 51.

52. Defendants state that the order speaks for itself and deny all characterizations thereof.

53. Defendants admit the allegation of paragraph 53.

54. Defendants deny the allegation of paragraph 54. Defendants admit that the balance was $29,915.

55. Defendants admit the allegations of the first, second, and fourth bullet points of this paragraph. Defendants deny the third and fifth bullet points because these amounts were not validated by the Receiver.

56. Defendants deny that Plaintiff received nothing in exchange for the funds it provided. Defendants are without sufficient knowledge to admit or deny the balance of the allegations of paragraph 56 and therefore deny the same.

**FIRST CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegation of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegation of paragraph 60.

61. Defendants deny the allegation of paragraph 61.

## SECOND CLAIM FOR RELIEF
### (Deceit Based Upon Fraud)

62. Defendants deny the allegation of paragraph 62.

63. Defendants deny the allegation of paragraph 63.

64. Defendants deny the allegation of paragraph 64.

65. Defendants deny the allegation of paragraph 65.

66. Defendants deny the allegation of paragraph 66.

67. Defendants deny the allegation of paragraph 67.

## THIRD CLAIM FOR RELIEF
### (Civil Theft)

68. Defendants deny the allegation of paragraph 68.

69. Defendants deny the allegation of paragraph 69.

70. (The Complaint does not contain a paragraph numbered 70.)

71. Defendants deny the allegation of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegation of paragraph 73.

## FOURTH CLAIM FOR RELIEF
### (Conversion)

74. Defendants deny the allegation of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegation of paragraph 76.

77. Defendants deny the allegation of paragraph 77.

## FIFTH CLAIM FOR RELIEF
### (Violation of Colorado's Trust Fund Statute)

78-84.  This Claim for Relief has been dismissed and, therefore, no responses to these allegations are necessary.

## SIXTH CLAIM FOR RELIEF
### (Violation of Colorado Consumer Protection Act)

85-90.  This Claim for Relief has been dismissed and, therefore, no responses to these allegations are necessary.

## SEVENTH CLAIM FOR RELIEF
### (Civil Conspiracy)

91.    Defendants deny the allegations of paragraph 91.

92.    Defendants deny the allegations of paragraph 92.

93.    Defendants deny the allegations of paragraph 93.

94.    Defendants deny the allegation of paragraph 94.

95.    Defendants deny the allegation of paragraph 95.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted herein.

## JURY DEMAND

Defendants demand a trial by jury on issues so triable.

## DEFENSES

1.    Plaintiff's claims fail to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred or reduced by a failure to mitigate damages.

WHEREFORE, Defendants respectfully requests the Court to dismiss Plaintiff's claims with prejudice, to order that Plaintiff shall take nothing by way of its Complaint, award

Defendants the costs and attorneys' fees it incurred in this action, and order such other and further relief as the Court deems just and proper.

Dated this 18th day of April, 2017.

                FAIRFIELD AND WOODS, P.C.

        By:   *s/ Colin A. Walker*
              Colin A. Walker
              Adrian P. Castro
              1801 California Street, Suite 2600
              Denver, Colorado  80202
              Phone:  (303) 830-2400
              Fax:  (303) 830-1033
              E-mail: cwalker@fwlaw.com;
              acastro@fwlaw.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2017 I electronically filed the foregoing with the clerk of court using the CM/ECF system which will send such notification of such filing to the following email address:

Daniel A. Gregory, Esq.
1199 Main Avenue, Suite 213
Durango, Colorado  81301
E-mail:  Daniel@daglaw.com;
debi@ggllaw.net

        By:   *s/ Sharon A. Chiecuto*
              Sharon A. Chiecuto